UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CURTIS STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:18CV229 ACL |
| | ) | |
| ANNE L. PRECYTHE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Defendants removed this action, filed under 42 U.S.C. § 1983, on the basis of federal question jurisdiction. (Doc. 1.) Plaintiff Curtis Stewart alleges excessive force and cruel and unusual punishment claims. (Doc. 2.) Presently pending before the Court is Plaintiff's Motion to Compel Discovery. (Doc. 11.)

Plaintiff propounded Requests for Production to Defendants, which Defendants answered on May 1, 2019. (Doc. 18-1.) On July 8, 2019, Plaintiff filed a Motion to Compel Discovery, in which he argues Defendants have failed to provide certain materials and have "suppress[ed], altered or destroyed" various pieces of evidence. (Doc. 11 at p. 7.) In their Response, Defendants state that Plaintiff's Motion should be denied because he failed to attempt to meet and confer with Defendants prior to filing his Motion. Defendants further argue that they have either produced the requested documents or have properly objected to the requests. They claim that Plaintiff's allegations regarding the suppression or destruction of evidence are unsupported.

1

As a threshold matter, any motion plaintiff files relating to discovery or disclosure, such as a motion to compel, must comply with Local Rule 3.04(A) and Rule 37(a)(1), Fed. R. Civ. P.[3] These rules require that a discovery or disclosure-related motion include a statement of a good-faith attempt to resolve the discovery dispute prior to the filing of the motion. Plaintiff has failed to provide such a statement.

Although Plaintiff is incarcerated, he must correspond with opposing counsel with respect to any discovery or disclosure dispute prior to filing a motion to compel or other motion relating to discovery or disclosure. Plaintiff must then describe the nature of that correspondence in the discovery motion, as required by Local Rule 3.04(A). *See Faretta v. California*, 422 U.S. 806, 834–35 n. 46 (1975) (pro se litigant must comply with relevant rules of procedure). Plaintiff is warned that any future discovery-related motion Plaintiff files that does not contain such a statement will be summarily denied.

In his Motion to Compel, Plaintiff states that Defendants failed to provide the following evidence: (1) camera/video footage of the alleged incident; (2) duty rosters of all staff officials and custody officers on duty during the incident; (3) a complete copy of Plaintiff's enemy list; (4) a copy of any procedures used once offenders request protective custody or declare cellmates

---

[3]Local Rule 3.04(A) states:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

as enemies; (5) any incident report of plaintiff on May 19, 2019 and May 22, 2017; (6) Institutional Service Policy 20-23 regarding mechanical restraints; (7) any policy that establishes camera/videotape footage maintenance and storage; and (8) camera/videotape footage of William Hayden and David Well.

Defendants state that they provided Plaintiff with his enemy list pursuant to his request. (Doc. 18-1 at p. 2.) They objected to Plaintiff's requests of the duty rosters and administrative procedures regarding protective custody, mechanical restraint, and video footage on the basis that disclosure of this confidential information may jeopardize prison safety and security. *Id.* at p. 2-3. Defendants responded that they have been unable to locate any video footage of the alleged incident, and that there are no incident reports of Plaintiff on May 19, 2017 or May 22, 2017. *Id.* at p. 1-2. Finally, Defendants objected to Plaintiff's request of video footage of offenders David Wells and William Hayden on the basis that the request seeks information that is not relevant to the issues in this lawsuit. *Id.* at p. 3.

Under Rule 26, litigants may obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Even if relevant, however, "discovery is not permitted where there is no need shown or compliance would be unduly burdensome, or where harm to the person from whom the discovery is sought outweighs the need of the person seeking the information." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999), quoting *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990).

The Court finds that Defendants' objections to Plaintiff's requests as stated above are proper and valid. Although the duty rosters and prison procedures Plaintiff seeks are relevant to

3

his claims, Defendants have a valid interest in protecting confidential information and ensuring prison safety. Plaintiff's request of video footage of other offenders is not relevant to the issues in this lawsuit. With regard to Plaintiff's request of video footage of the incident and incident reports, Defendants have represented that no such materials exist. Plaintiff's allegations that Defendants have altered or destroyed this evidence are completely unfounded. Finally, Defendants state that they have provided Plaintiff with a copy of his enemy list. Thus, Plaintiff's Motion to Compel Discovery will be denied.

Plaintiff also requests that the Court appoint counsel to represent him in this matter. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time. Moreover, Plaintiff has been able to prepare and file pleadings on his own behalf. Thus, the Court will deny Plaintiff's motion for appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery (Doc. 11) is **denied.**

Dated this 6th day of September 2019.

*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE