UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CURTIS STEWART, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No.  1:18 CV 229 ACL |
| ANN PRECYTHE, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Curtis Stewart, currently an inmate at the Eastern Reception Diagnostic and Correctional Center ("ERDC"), brought this action *pro se* under 42 U.S.C. § 1983, alleging the violation of his constitutional rights during his incarceration at the Southeast Correctional Center in Charleston, Missouri.  ("SECC").  The action was originally filed in the Circuit Court of Mississippi County, Missouri, and was removed to this Court by Defendants.  (Doc. 2.)

This matter is before the Court on Defendants' Motion for Summary Judgment.  (Doc. 26.)  Stewart has also filed a "Motion to Delay or Postpone Summary Judgment."  (Doc. 34.)

**I.      Background**

In his Complaint, Stewart seeks monetary and declaratory relief against Defendant Ann Precythe, in her individual and official capacity as Director of the Missouri Department of Corrections ("MDOC"); and against the following SECC employees in their individual capacities: William Pettus, Trevor Proffer, Charlie Brown, Micha Wyatt, Sergeant Gordon, and Hollie Dysinger.  Stewart alleges that the Defendant officers used excessive force when securing him during a cell transfer on two different occasions.  He further contends that Defendants were deliberately indifferent to his serious medical needs during and after the cell transfer incidents.

Stewart alleges that Defendant Precythe established and authorized the unconstitutional MDOC policy of securing inmates during cell transfer.

In their Motion for Summary Judgment, Defendants argue that they are entitled to judgment as a matter of law, because Stewart cannot establish an excessive force or deliberate indifference claim.  Defendants further argue that the Defendant corrections officers are entitled to qualified immunity and official immunity; Stewart failed to exhaust his administrative remedies regarding his allegations about MDOC policies; and Stewart cannot prove any damages from his alleged injuries.  (Doc. 26.)  Stewart has filed a Response in Opposition to Defendants' Motion for Summary Judgment (Doc. 32), and Defendants have filed a Reply (Doc. 35).  Stewart has also filed a "Motion to Delay or Postpone Summary Judgment."  (Doc. 34.)

## II.     Stewart's Motion to Delay

Stewart requests that the Court delay ruling on Defendants' Motion for Summary Judgment because Defendants have not provided the discovery he requested.  (Doc. 34.)  He refers the Court to his Response to Defendants' Summary Judgment Motion, in which he indicates Defendants have failed to provide the following evidence: a complete copy of his enemy list, the duty rosters for the days of the incidents at issue, video footage of the incidents, and MDOC policies.  (Doc. 32 at 13-17.)  Stewart argues that, without this evidence, he "is of a severe disadvantage of identifying the John and Jane Doe defendants…" *Id.* at 13.

Defendants respond that Stewart's Motion should be denied because the Court has already addressed Stewart's discovery claims in denying his Motion to Compel.

The discovery Stewart seeks was the subject of a prior Motion to Compel that Stewart filed.  (Doc. 11.)  In response to that Motion, Defendants indicated that they had already provided Stewart with his enemy list pursuant to his request, and they were unable to locate

video footage of the incident. (Doc. 18-1.) Defendants objected to Stewart's requests for the duty rosters and MDOC procedures on the basis that disclosure of this confidential information may jeopardize prison safety and security. *Id.* The Court found that Defendants' objections to Stewart's requests were proper and valid. The Court further found Stewart's allegations that Defendants had altered or destroyed evidence, including the requested video footage, were unfounded. Stewart's Motion to Compel was denied. (Doc. 19.)

Because the Court has already considered and denied Stewart's requests for discovery, Stewart's Motion to Delay will be denied.

### III.    Doe Defendants

In reviewing the pending motions, the Court discovered an unrelated reason it is necessary to delay ruling on Defendants' Motion for Summary Judgment. In Stewart's Motion and in his responsive pleadings to Defendant' Motion for Summary Judgment, he refers to "John Doe" and "Jane Doe" Defendants. Although there are no "Doe" defendants included on the docket sheet of this case, a review of his Complaints reveals the presence of two such Doe defendants. First, under the heading "Parties," Stewart names "Nurse Cody? or John Doe" as a Defendant. Stewart alleges that this Defendant was "responsible for ensuring provision of medical care to Plaintiff during the occurrences of the events, and is being sued in his individual capacity." (Doc. 2 at p. 2.) Stewart also names as a Defendant "John or Jane Doe," and indicates this Defendant is the Warden, who is responsible for promulgating policies and overseeing the day to day operation of the institution. *Id.* He indicates that he is suing this Defendant in his or her individual capacity. *Id.*

As previously noted, Stewart filed this action in the Circuit Court of Mississippi County, Missouri, on November 9, 2017. (Doc. 1-3 at p. 1.) Stewart filed a motion to proceed *in forma*

*pauperis*, which the Circuit Court of Mississippi County granted on July 25, 2018.  (Doc. 1-3 at p. 23.)  On August 29, 2018, the court issued summonses for Defendants Precythe, Proffer, Wyatt, Brown, Gordon, Dysinger, and Pettus.  *Id.* at p. 2.  The summonses were returned executed on September 6, 2018, indicating these Defendants were personally served by the Mississippi County Sheriff's Office.  *Id.*

On September 21, 2018, the served Defendants removed the action to this Court.  (Doc. 1.)  On the Civil Cover Sheet Defendants filed in connection with their Notice of Removal, only the seven served Defendants were listed as Defendants.  As a result, only these Defendants—and not the "Doe" Defendant named in the Complaint—are listed as Defendants on the docket sheet in this case.

Stewart has not voluntarily dismissed the Doe Defendants.  In his Response to Defendants' Motion for Summary Judgment, Stewart alleges that "John Doe Nurse Cody" observed the alleged excessive force incident.  Stewart alleges that he asked Nurse Cody for medical help, but he refused.  Defendants indicate in their Statement of Uncontroverted Material Facts that Corizon Health, Inc. provides medical care and treatment to inmates incarcerated in the State of Missouri, including at SECC, and that none of the Defendant Corrections Officers were qualified to determine whether to render medical care to a prisoner.  (Doc. 26 at p 7.)  Nurse Cody, therefore, is presumably an employee of Corizon Health, Inc.

The remaining Doe defendant, "John or Jane Doe" is the "warden."  Although Stewart does not specifically indicate the institution at which this defendant is a warden, he is presumably referring to the warden of SECC, Jason Lewis.  The allegations in the Complaint as to this Doe Defendant relate to the development and implementation of institutional  policy and the oversight of day-to-day operations.

The Court regrets that the Doe Defendants were overlooked due to inadvertence when Defendants removed the action to this Court.  The presence of these unserved defendants creates issues that must be resolved before this matter can move forward.  First, adding the defendants to this matter results in the undersigned lacking full consent.  Without full consent, the undersigned is unable to rule on the pending Motion for Summary Judgment.

Second, service needs to be effectuated on the new defendants.  Because the state court deemed Stewart qualified to proceed *in forma pauperis* and Stewart remains confined, the Court finds that Stewart lacks the resources to effect service on these individuals.  Due to Stewart's lack of resources and to minimize additional delays, the Court will direct the Clerk of Court to effectuate service on John Doe Nurse Cody and Jason Lewis.

Third, the newly added defendants will require time to file responsive pleadings and conduct discovery.  The Court will issue an Amended Case Management Order after Defendants Cody and Lewis are served.

Finally, Defendants' Motion for Summary Judgment will be held in abeyance.  In light of the addition of parties, Defendants may wish to file an amended motion for summary judgment. Defendants will be given sixty days from the filing of Defendant Lewis' Answer to file an amended motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Stewart's "Motion to Delay or Postpone Summary Judgment" (Doc. 34) is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall add as Defendants in this matter Jason Lewis and "John Doe Nurse Cody."

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the Complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to Defendant Jason Lewis, and with Corizon Health, Inc., as to Defendant "John Doe Nurse Cody."

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Doc. 26) is **held in abeyance**.

**IT IS FINALLY ORDERED** that Defendants shall have until 60 days after the filing of Defendant Lewis' Answer to file an amended motion for summary judgement.

Dated:  April 24, 2020

                                                s/*Abbie Crites-Leoni*
                                                ABBIE CRITES-LEONI
                                                UNITED STATES MAGISTRATE JUDGE