UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CURTIS STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  1:18CV00229 ACL |
| | ) |
| ANN PRECYTHE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Curtis Stewart, currently an inmate at the Eastern Reception Diagnostic and Correctional Center ("ERDC"), brought this action *pro se* under 42 U.S.C. § 1983, alleging the violation of his constitutional rights during his incarceration at the Southeast Correctional Center in Charleston, Missouri.  ("SECC").  The action was originally filed in the Circuit Court of Mississippi County, Missouri, and was removed to this Court by Defendants.  (Doc. 2.)

This matter is before the Court on Defendant Jason Lewis' Motion to Dismiss.  (Doc. 45.) Stewart has not filed a Response to Defendant's Motion and the deadline for doing so has expired.

**I.      Background**

In his Complaint, Stewart alleges that the SECC officer Defendants used excessive force when securing him during a cell transfer on two different occasions.  He further contends that Defendants were deliberately indifferent to his serious medical needs during and after the cell transfer incidents.  Defendant Jason Lewis was the Warden at SECC at the time of the incidents. Stewart alleges that Lewis "is responsible for promulgating these policies, and is in charge with

the day-to-day operation, supervision, and discipline of the institution, and is being sued in his or her individual capacity." (Doc. 39-1 at p.2.)

Defendant Lewis has moved to dismiss Stewart's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Lewis argues that Stewart fails to allege that Lewis had any involvement in any of the alleged uses of excessive force. Stewart has not responded to Lewis' Motion.

## II.     Discussion

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Mere "labels and conclusions" or "formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555).

Lewis argues that Stewart's allegations against him fail to state a claim against him because they seek to hold him liable solely for his supervisory role as warden and are otherwise conclusory.

There is no *respondeat superior* liability under 42 U.S.C. § 1983. *Iqbal*, 556 U.S. at 677 (stating an individual "is only liable for his or her own misconduct"); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). The Eighth Circuit "has noted that 'a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability'" under section 1983. *King*, 130 F.3d at 1314 (quoting *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995)); *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th

Cir. 2007). Rather, a supervisor is only liable "for an Eighth Amendment violation when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation." *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002) (quoting *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)). A supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye [to it]." *Id.*; *see also Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987) (noting that a warden can be held liable for creation of a policy that led to a constitutional violation).

The allegations in Stewart's Complaint do not assert that Lewis was directly involved in the alleged excessive use of force incidents. Rather, Stewart attempts to hold Lewis liable in his supervisory capacity as Warden of SECC. Stewart includes no factual allegations that Lewis had knowledge of unconstitutional conduct by prison staff or facilitated, approved, or condoned that conduct. Stewart's conclusory allegations fail to state a claim against Lewis for his supervisory role as warden at SECC. Thus, Defendant's Motion to Dismiss will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jason Lewis' Motion to Dismiss (Doc. 45) is **granted.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Complaint is **dismissed as to Defendant Jason Lewis**.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of September, 2020.