UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CURTIS STEWART, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No.  1:18 CV 229 ACL |
| ANN PRECYTHE, et al., | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

Plaintiff Curtis Stewart, currently an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDC"), brought this action *pro se* under 42 U.S.C. § 1983, alleging the violation of his constitutional rights during his incarceration at the Southeast Correctional Center in Charleston, Missouri ("SECC").  The action was originally filed in the Circuit Court of Mississippi County, Missouri, and was removed to this Court by Defendants.  (Doc. 2.)

This matter is before the Court on Stewart's Motion for Temporary Restraining Order and Preliminary Injunction.  (Doc. 95.)   This matter is fully briefed and ripe for disposition.

**I.   Background**

In his First Amended Complaint, Stewart seeks monetary and declaratory relief against Defendant Ann Precythe, in her individual and official capacity as Director of the Missouri Department of Corrections ("MDOC"); against the following SECC employees in their individual capacities: Sergeant Gordon, Sergeant Proffer, Holly Dysinger, William Pettus, Jessieca Wyatt, and Stephanie Noisworthy ("MDOC Defendants); and against nurse Cody Stanley in his individual capacity.  Stewart alleges that the MDOC Defendants used excessive force when securing him to a restraint bench during a cell transfer on two different occasions. He further contends that the MDOC Defendants and Defendant Stanley were deliberately

indifferent to his serious medical needs during and after the cell transfer incidents. Stewart alleges that Defendant Precythe established and authorized the MDOC policy of securing inmates during cell transfers, which is unconstitutional.

In the title of the instant motion, plaintiff references both a temporary restraining order and a preliminary injunction. Because Stewart cannot be understood to seek temporary relief, the Court interprets the motion as one for preliminary injunction. Stewart requests that the Court issue a preliminary injunction and direct that Defendants "discontinue using the restraint benches for handcuffing and shackling plaintiff in four-point restraints to said bench, to provide a medically appropriate course of physical therapy to the plaintiff designed to restore and maintain the full function of his back which has a bulging disk, left calf, wrist, and hand and left shoulder." (Doc. 95-5 at 1.) He further requests that Defendants should "arrange for the plaintiff to be examined by a qualified orthopedic specialist, and to obtain from that specialist an evaluation of the condition of the plaintiff's injuries and a prescription for a course of treatment that will restore and maintain the full function of the aforementioned body parts." *Id.* at 1-2.

The MDOC Defendants and Defendant Stanley each filed responses in opposition to Stewart's Motion. (Docs. 101, 102.)

On February 17, 2022, a hearing was held, via Zoom, on Plaintiff's Motion. (Doc. 103.)

**II**.    **Discussion**

The purpose of a preliminary injunction is to protect the movant from harms alleged in the complaint while litigation is pending. To determine whether preliminary injunctive relief is warranted, the Court must balance the threat of irreparable harm to movant, the potential harm to the nonmoving party should an injunction issue, the likelihood of success on the merits, and the public interest. *Dataphase Sys. v. CL Sys.*, 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc). A

preliminary injunction is an "extraordinary remedy," and the "party seeking injunctive relief bears the burden of proving all the *Dataphase* factors." *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (citations omitted).

No single factor is dispositive, but the movant must establish a threat of irreparable harm. *Dataphase Sys.,* 640 F.2d at 113. *See Randolph v. Rodgers*, 170 F.3d 850, 856 (8th Cir. 1999) (A preliminary injunction should not be issued without a finding of irreparable harm). Speculation that harm will occur does not support a claim for irreparable harm. *See SJW ex rel. Wilson v. Lee's Summit R-7 School District*, 696 F.3d 771, 779 (8th Cir. 2012).

In the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). For an injunction to issue, "a right must be violated," and the court must determine whether "a cognizable danger of future violation exists." *Id*. at 521. Furthermore, the "danger must be more than a mere possibility." *Id*. Plaintiff has the burden of proving that an injunction should be issued. *See Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019).

In this case, as Defendants contend, Stewart has not demonstrated that he will suffer irreparable harm if the motion is not granted. In an attempt to demonstrate irreparable harm, Stewart argues that Defendants continue to use the restraint bench and to deny him adequate care for his serious medical needs. He contends that if he does not receive "proper treatment at the proper time he may not regain the normal function of his back, and shoulder and walk normally again." (Doc. 95 at 7.) This contention amounts to only speculative harm, and a preliminary injunction should not be issued without a finding of irreparable harm. *Randolph,* 170 F.3d at 856.

Having determined that Stewart has failed to meet his burden of demonstrating irreparable harm, the Court's inquiry is finished, and the denial of injunctive relief is warranted. *See Gelco Corp. v. Coniston Partners,* 811 F.2d 414, 420 (8th Cir. 1987) ("Once a court determines that the movant has failed to show irreparable harm absent an injunction, the inquiry is finished and the denial of the injunctive request is warranted."). The motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 95) is **denied**.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of September, 2022.