UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CURTIS STEWART, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.  1:18 CV 229 ACL |
| ANN PRECYTHE, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

Plaintiff Curtis Stewart, currently an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDC"), brought this action under 42 U.S.C. § 1983, alleging the violation of his constitutional rights during his incarceration at the Southeast Correctional Center in Charleston, Missouri ("SECC").

This matter is before the Court upon the Motion for Judgment on the Pleadings filed by Defendant Anne Precythe.  (Doc. 105.)  Stewart opposes the Motion.  (Doc. 115.)  The matter is now fully briefed and ripe for disposition.

**I.    Background**

In his First Amended Complaint, Stewart seeks monetary and declaratory relief against Defendant Precythe, in her individual and official capacity as Director of the Missouri Department of Corrections ("MDOC"); against the following SECC employees in their individual capacities: Sergeant Gordon, Sergeant Proffer, Holly Dysinger, William Pettus, Jessieca Wyatt, and Stephanie Noisworthy ("MDOC Defendants); and against nurse Cody Stanley in his individual capacity.  Stewart alleges that the MDOC Defendants used excessive force when securing him to a restraint bench during a cell transfer on two different occasions.

He further contends that the MDOC Defendants and Defendant Stanley were deliberately indifferent to his serious medical needs during and after the cell transfer incidents. Stewart alleges that Defendant Precythe established and authorized the MDOC policy of securing inmates during cell transfers, which is unconstitutional.

In the instant Motion, Defendant Precythe argues that the Court should grant judgment on the pleadings because Stewart's claims are barred under the doctrines of sovereign immunity, respondeat superior, and qualified immunity. Precythe further argues that Stewart's claims are barred because he failed to plead exhaustion of administrative remedies.

In response, Stewart argues that the statements in the First Amended Complaint facially establish a § 1983 claim and the doctrines of qualified and official immunity do not apply. He contends that failure to exhaust is an affirmative defense, and inmates are not required to plead or demonstrate exhaustion in their complaints.

## II.   Legal Standard

The distinction between a motion for judgment on the pleadings brought under Fed. R. Civ. P. 12(c) and a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) "is purely formal, because we review [a] 12(c) motion under the standard that governs 12(b)(6) motions." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff need not provide specific facts in support of its allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above

2

a speculative level." *Schaaf v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."  *Id.* at 562 (quoted case omitted) (emphasis in original).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," *id.* at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief.  *Id.* at 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2).  The principle that a court must accept as true all of the allegations contained in a complaint, however, is inapplicable to legal conclusions.  *Iqbal*, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations.  *Id.* at 679.  The plausibility of the plaintiff's claim is reviewed "as a whole, not the plausibility of each individual allegation."  *Zoltek Corp. v. Structural Polymer Group,* 592 F.3d 893, 896 n.4 (8th Cir. 2010).

### III. Discussion

#### A. Sovereign Immunity

Precythe first argues that Stewart's official capacity claims against Precythe are barred by the doctrine of sovereign immunity.  Stewart does not address this argument in his opposition brief.

Sovereign immunity prevents Stewart from suing the State of Missouri. *See Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) (stating that "[t]he Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"). The protection of the Eleventh Amendment extends to claims for money damages against state officials in their official capacities. *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) (stating that "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment").

Stewart's claim for money damages against Precythe in her official capacity is barred by the doctrine of sovereign immunity. The Court notes that Stewart also seeks injunctive relief. Specifically, he requests that the Court issue a permanent injunction ordering Defendants to "immediately stop the use of handcuffing and shackling prisoners to the bench in a hog tie position." (Doc. 76 at 7.) The Court will dismiss Stewart's official capacity claim against Defendant Precythe to the extent he seeks relief other than prospective injunctive relief. *See Monroe v. Arkansas State University*, 495 F.3d 591, 594 (8th Cir. 2007).

**B. Respondeat Superior**

Defendant next argues that she cannot be liable in her capacity as a supervisor and Stewart fails to allege Defendant had any personal involvement in the alleged uses of excessive force.

Stewart responds that the allegations in the First Amended Complaint are sufficient to show personal involvement of Defendant Precythe.

To state a claim under § 1983, a plaintiff must plead that a government official has personally violated his constitutional rights. *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676); *see also Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims

4

sounding in respondeat superior are not cognizable under § 1983).  In requiring a plaintiff to allege facts showing each defendant's personal involvement in the deprivation of his constitutional rights, the Court assesses each defendant relative to her authority over the claimed constitutional violation.  *Jackson,* 747 F.3d at 543.  A person with a supervisory or administrative position may be liable if her direct action or failure to supervise and train the offending employee caused the constitutional violation.  *Id.* (citations omitted).  Such person's personal involvement can also be established by allegations that she was directly involved in "creating, applying, or interpreting a policy" that gives rise to unconstitutional conditions.  *Id.* (citations omitted).

Here, the First Amended Complaint alleges that Precythe "has promulgated and acquiesced a policy and practice of cruel and unusual punishment of excessive force by handcuffing and shackling prisoners confined in administrative segregation units to a steel bench in a sitting hog tied position for hours."  (Doc. 76 at 3.)  He states that this procedure "causes unnecessary pain and suffering without immediate access to food or water."  *Id.*  Stewart further alleges that Precythe "authorized the policy and a practice of excessive use of force throughout the Missouri Department of Correction."  *Id.* at 6.

Stewart's allegations are sufficient to survive the instant motion.  The Eighth Circuit has specifically determined that a Department of Corrections director's authority to make prison-wide policy decisions may be sufficient to give rise to liability under § 1983.  *Jackson,* 747 F.3d at 543.  A director "may be 'responsible for his own failure to act,' based on his statutory duty to administer the Department of Corrections and 'supervise the administration of all institutions, facilities and services under the Department's jurisdiction' and his authority to change the

5

challenged policies." *Id.* at 544 (quoting *Messimer v. Lockhart,* 702 F.2d 729, 732 (8th Cir. 1983)).

The Court finds that Stewart has sufficiently alleged the personal responsibility of Defendant Precythe, and is entitled to present evidence in support of his claims.

### C. Qualified Immunity

Defendant next argues that Stewart's claims against Precythe are barred by the doctrine of qualified immunity, because the alleged facts do not show that a constitutional or statutory violation occurred. Stewart responds that qualified immunity does not apply because his allegations are sufficient to establish a constitutional violation.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity "will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint." *Weaver v. Clarke*, 45 F.3d 1253, 1255 (8th Cir. 1995).

Here, as discussed above, Stewart alleges that Precythe has promulgated a policy of handcuffing and shackling prisoners confined in administrative segregation units to a steel bench in a sitting hog-tied position for hours without access to food or water. (Doc. 76 at 3.) He alleges that this practice inflicts unnecessary pain and suffering to inmates, and that Precythe "authorized the policy and a practice of excessive use of force throughout the Missouri Department of Corrections." *Id.* at 6.

Stewart has sufficiently alleged that Precythe violated a constitutional right that was clearly established at the time of the alleged violation—the right to be free of excessive use of

6

force. Because Stewart has so alleged, Precythe is not entitled to dismissal on the basis of qualified immunity.

### D. Exhaustion

Finally, Precythe argues that Stewart's claims are barred, as he failed to plead exhaustion of his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"). Stewart responds that failure to exhaust administrative remedies is an affirmative defense under the PLRA, and that inmates are not required to plead or demonstrate exhaustion in their complaints.

Under the PLRA, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although "inmates are not required to specially plead or demonstrate exhaustion in their complaints," a court may dismiss a complaint for failure to exhaust administrative remedies if it is plain on the face of the complaint that a grievance procedure has not been exhausted. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007) (an affirmative defense can be a ground for dismissal under failure to state a claim for relief when the allegations in the complaint sufficiently establish that ground). "Nonexhaustion is an affirmative defense, and defendants have the burden of raising and proving the absence of exhaustion." *Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015) (citing *Jones*, 549 U.S. at 211-12).

Here, it is not clear from the face of the First Amended Complaint that Stewart did not exhaust his administrative remedies. Defendant only argues that the First Amended Complaint is silent as to the issue of exhaustion.

Further, the issue of exhaustion was already addressed in the Court's Memorandum and Order denying Defendants' Motion for Summary Judgment.  The MDOC Defendants argued in their Motion for Summary Judgment that Stewart failed to properly exhaust his claim regarding MDOC policy in the grievances he filed regarding the alleged excessive use of force incidents.  The Court rejected this argument, holding that the grievances filed by Stewart "gave the MDOC a 'fair and full opportunity to adjudicate' Stewart's claims related to restraint procedures upon inmate transfer requests."  (Doc. 58 at 14.) (citations omitted).

Thus, Defendant Precythe has not met her burden of establishing the absence of exhaustion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Precythe's Motion for Judgment on the Pleadings (Doc. 105) is **granted** as to Plaintiff's official capacity claims for monetary damages and is **denied in all other respects**.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of October, 2022.